**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH BERGMAN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY VERHAGEN d/b/a ROTHSTEIN COVITZ & ABELMAN,<br><br>    Defendant. | Case No. 8:16-cv-366<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Deborah Bergman ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Defendant Jerry VerHagen d/b/a Rothstein Covitz & Abelman ("Defendant") runs a scam operation that uses deceptive and threatening tactics to collect "phantom debts" that consumers either do not owe, or that Defendant does not have the authority to collect. Acting under a fictitious business name that implies an affiliation with a law firm, Defendant uses robocalls, pre-recorded voice messages, and text messages to threaten and harass consumers. Threats often include telling consumers their bank accounts will be closed, their wages garnished, or that they will face legal action or arrest if they do not pay the amount Defendant demands.

2. On February 8, 2016 at 7:51a.m., Defendant or its agents called Ms. Bergman's cellular telephone, used harassing language, and threatened her with criminal charges for allegedly unpaid debt. Then, on February 9, 2016 at 5:09 a.m., Defendant or its agents sent the following text message to Ms. Bergman using an automatic telephone dialing system:

> D Bergman. [Plaintiff's social security number and date of birth]. Final notice. Contact filing party to stop legal action. Orange case no. 831192. Call 877-232-8460 ext. 314.

3. These threats were fictitious. No such criminal or civil case is currently pending.

4. Plaintiff did not give Defendant express written consent to make any calls or text messages to her cellular phone, and had no prior contact with Defendant.

5. Plaintiff brings this action for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.*

CLASS ACTION COMPLAINT                                                                                          1

(hereinafter, the "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. Plaintiff alleges that Defendant engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

6.  Plaintiff also brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an autodialer and/or an artificial prerecorded voice, without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

7.  Plaintiff Deborah Bergman is, and at all times mentioned herein was, a resident of Tustin, California and a citizen of the State of California.

8.  Defendant Jerry VerHagen is a resident of Buffalo, New York. Mr. VerHagen controls his phantom debt collection operation under the fictitious business name of Rothstein Covitz & Abelman. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Mr. VerHagen, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different

CLASS ACTION COMPLAINT         2

citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

10. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of federal statutes, the FDCPA and the TCPA. This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants transact significant business within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. The Federal Fair Debt Collection Practices Act

12. The Federal Fair Debt Collection Practices Act was enacted to eliminate abusive practices in the collection of consumer debt and to promote fair debt collection.

13. Among other things, the FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt." Violations of 15 U.S.C. §1692 include "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," calling before 8:00 a.m. or after 9:00 p.m., failing to cease communication upon request, threatening arrest or legal action, using abusive or profane language, misrepresenting the debt, and using deceit to collect debt.

### B. The Telephone Consumer Protection Act Of 1991

14. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

CLASS ACTION COMPLAINT 3

15. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

16. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

17. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

C. **Defendant's Communications with Plaintiff and Class Members**

18. Prior to the communication at issue in this action, Plaintiff never had any contact with Defendant. Plaintiff has never consented in writing, or otherwise, to receive autodialed calls or text messages from Defendant to her cellphone. Plaintiff has never provided Defendant with her telephone number.

19. On February 8, 2016 at 7:51a.m., Defendant or its agents called Ms. Bergman's cellular telephone using an autodialer and/or an artificial or prerecorded voice. When Ms. Bergman answered the phone, Defendant or its agent (claiming to be an attorney), demanded money. They threatened Mr. Bergman with criminal charges and arrest if she did make payment for her allegedly unpaid debt.

20. On February 9, 2016 at 5:09 a.m., Defendant or its agents sent the following text message to Ms. Bergman via an automatic telephone dialing system:

> D Bergman. [Plaintiff's social security number and date of birth].

CLASS ACTION COMPLAINT                                                          4

> Final notice. Contact filing party to stop legal action. Orange case no. 831192. Call 877-232-8460 ext. 314.

21. Defendant's February 9, 2016 text message threatened Ms. Bergan with legal action if she did not call the phone number provided and pay Defendant an unidentified amount of money for her alleged debt.

22. Online consumer complaints regarding Defendant's harassing and threatening calls and auto text messages from the same phone numbers are abundant:

- "this number called me and said if I didn't pay my debt that they were going to issue a warrant for my arrest"[1]

- "Left me a voicemail, which was disguised as an actual caller, but was clearly automated. When the voice said who the message was for, it was muffled, gave me a case number and claimed that they were going to take action against my bank account."[2]

- "Keep on getting calls from this number even I mentioned them to remove my phone number from their list. They are asking me for someone who I don't know. And sometimes they are leaving voice mail saying that they are going to take some legal actions."[3]

- "Left voice message about bogus debt. Company name was deliberately mumbled. Also called my sister who lives out of state."[4]

- "They called and said they were going to issue a warrant if I didn't pay. Then they had someone call who said they were with the county clerk's office and that a summons would be served on me at work unless I paid."[5]

- "People called trying to collect debt, threatened to have my drivers license suspended for loan debt! Total fake name no listing in Dallas of rothstien covitz ableman law firm. Don't fret if these scam artists are attempting to foil you."[6]

---

[1] http://800notes.com/Phone.aspx/1-214-206-8855/2
[2] *Id.*
[3] http://npnr.org/214/206/8855/2142068855.html
[4] http://www.howtoblockunknowncallers.com/phone-number/214-206-8855
[5] http://www.anthonyhwilliams.com/214-206-8855.html
[6] *Id.*

CLASS ACTION COMPLAINT                                                                 5

- "Debt collecting law firm. Makes all kinds of threats about being arrested within 48hrs, having license suspended, etc. Called me stupid for choosing to pay my rent over my debt."[7]

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

24. Plaintiff proposes the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call or text message; (b) on his or her cellular telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call or text message was made with the use of an artificial or prerecorded voice and/or using an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

25. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

26. Plaintiff also proposes the following FDCPA Class definition:

> All persons within the United States who received harassing, oppressive, or abusive calls or text messages, including (a) repeated calls or text messages to annoy someone, (b) calling or sending text messages at times in

---
[7] http://www.callernotes.info/1-214-206-8855.number

CLASS ACTION COMPLAINT　6

> violation of curfew, such as before 8:00 a.m. or after 9:00 p.m, (c) threats to take any action that cannot legally be taken or that is not intended to be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

27. Collectively, all these persons will be referred to as the "FDCPA Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the FDCPA Class is Defendants and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

28. Plaintiff also proposes the following Rosenthal Act Class definition:

> All persons within the state of California who received harassing, oppressive, or abusive calls or text messages, including (a) repeated calls or text messages to annoy someone, (b) calling or sending text messages at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m, (c) threats to take any action that cannot legally be taken or that is not intended to be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

29. Collectively, all these persons will be referred to as the "Rosenthal Act Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Rosenthal Act Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

30. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the

CLASS ACTION COMPLAINT                                                                    7

number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

31. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

32. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

33. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made harassing, oppressive, or abusive telephone calls;
   b. Whether Defendant made telephone calls or text messages to class members using an autodialer without their prior express written consent;
   c. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;
   d. Whether Defendant's conduct was knowing and/or willful;
   e. Whether Defendant is liable for damages, and the amount of such damages, and
   f. Whether Defendant should be enjoined from engaging in such conduct in the future.

34. As a person who received a threatening and harassing telephone call and text message on her cellular telephone through the use of an autodialer and/or an artificial or prerecorded voice, without her prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

35. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA, FDCPA, and the Rosenthal Act. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA, FDCPA, and Rosenthal Act are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

37. Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA, FDCPA, and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

# CAUSES OF ACTION

## FIRST COUNT
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, *et seq*.

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., including but not limited to 15 U.S.C. § 1692d(3) and (5), and § 1692e(2), (3), (4), (5), (7), (10), (11), and (14).

40. As a result of Defendant's actions, Plaintiff and the FDCPA Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq*.

## SECOND COUNT
## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, *et seq*.

41. Plaintiff incorporates by reference the foregoing paragraphs of his Complaint as if fully stated herein.

42. The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

43. Defendant also violated Cal. Civ. Code § 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq*. in all of its collection efforts.

44. Therefore, Plaintiff and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## THIRD COUNT
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

45. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

49. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## FOURTH COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

52. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

CLASS ACTION COMPLAINT 11

53. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

54. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of damages as permitted by the FDCPA;

e. An award of damages as permitted by the Rosenthal Act;

f. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

g. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

h. Such other relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 29, 2016  Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ Yeremey Krivoshey*
      Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com
           apersinger@bursor.com
           ykrivoshey@bursor.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT                                                                                     13